IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JAMES ONEAL WESS, # 19501**                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:12CV29-HTW-LRA**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, CHRISTOPHER EPPS,
OFFICER HOLMAN, and OFFICER
BROWN**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING MDOC

BEFORE THE COURT is *pro se* plaintiff James Oneal Wess's Complaint [1] and Response [7]. He is incarcerated with the Mississippi Department of Corrections ("MDOC") and brings this action challenging the conditions of his confinement. The court has considered and liberally construed the pleadings. Defendant MDOC is dismissed.

### BACKGROUND

According to the pleadings, Wess was an inmate in protective custody at the Mississippi State Penitentiary. He alleges that on September 25, 2010, he was serving food trays to other inmates. They paid Defendant Officers Holman and Brown to open the cell door. When they opened the door, the inmates stabbed Wess twelve times. He filed this action against MDOC, among others.

### DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The court has permitted Wess to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Wess sues MDOC for damages under Section 1983 and, construed liberally, the Mississippi Tort Claims Act.

SECTION 1983

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Title 42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of*

*Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the Section 1983 claim against MDOC is dismissed.

MTCA

To the extent MDOC is sued under the Mississippi Tort Claims Act, this claim is likewise dismissed. The Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, MDOC is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claim against Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITH PREJUDICE** and the State law claim is **DISMISSED WITHOUT PREJUDICE**. The case will proceed against the remaining defendants.

**SO ORDERED**, this the 7th day of March, 2012.

s/ HENRY T. WINGATE<br>UNITED STATES DISTRICT JUDGE