UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES ONEAL WESS                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:13-cv-481-LRA

CHRISTOPHER EPPS, ET AL.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment [30] filed by Defendants Epps and Holman.[1] Having considered the entire record in this matter, the Court finds that the motion should be, and is hereby, granted in part and denied in part.

## I. Background

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections (MDOC), who is proceeding *pro se* in this litigation. Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. Specifically, Plaintiff alleges that while he was incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi,[2] Defendants failed to protect him from being stabbed by other inmates in violation of his Eighth

---

[1] Defendant Brown was never served with process. Counsel for the other Defendants was unable to identify or locate Defendant Brown. [28]. Plaintiff was notified at the omnibus hearing on January 24, 2013, that Defendant Brown had not been served with process. Plaintiff was notified on June 21, 2013, that defense counsel had been unable to locate Defendant Brown. [28]. Plaintiff took no further action to pursue his claim against Defendant Brown though the Court's prior order warned Plaintiff that it was his duty to prosecute this case. [9]. The Court hereby dismisses all claims against Defendant Brown without prejudice for failure to serve process as required by Fed. R. Civ. P. 4m.

[2] Plaintiff is currently housed at the South Mississippi Correctional Institute in Leakesville, Mississippi.

Amendment right to be free from cruel and unusual punishment.  [1].

The Court held an omnibus or *Spears* hearing in this matter on January 24, 2013, at which Plaintiff was afforded the opportunity to fully explain his claim.[3]  Plaintiff testified that while he was delivering food trays at Parchman, Defendants opened sally port doors, allowing a dozen unrestrained inmates to stab and beat Plaintiff,[4] though Plaintiff was in protective custody at the time.  Plaintiff also testified that the attackers were yelling at Defendant Holman and Defendant Brown that they paid "you," referring to the officers, to open the door.  Plaintiff claims that his attackers should have been in their cells and not loose "on the tier."

Defendants have moved for summary judgment in this case on the bases, *inter alia*, that the Eleventh Amendment bars suits for damages against Defendants in their official capacities and that Defendants are entitled to qualified immunity with respect to the claims against them in their individual capacities.[5]

## II.  Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving

---

[3]*See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

[4]Plaintiff testified that his attackers were actually targeting Plaintiff's fellow inmate and co-worker, "Gold Mouth", who was more severely injured in the attack than Plaintiff.  Plaintiff further testified that he had previously reported to the warden that Gold Mouth had been threatened.

[5]At the hearing, all parties consented to the undersigned deciding this case in its entirety.  [24].  28 U.S.C. § 636.

party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

### III.  Discussion

**A.  Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution prohibits suits against states in federal court brought by private citizens. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit extends to state agencies and state officials sued in their official capacities for any relief, except certain types of injunctive relief. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-103 (1984).

Plaintiff seeks to have Defendant Holman fired from her job. [1]. This is not the type of prospective injunctive relief that falls within an exception to the Eleventh Amendment bar. *See, e.g., Ex parte Young*, 209 U.S. 123 (1908). In *Ex Parte Young,* the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued in his or her official capacity for injunctive relief. 209 U.S. 123, 159-160 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court

for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in his or her official capacity for prospective injunctive relief under Section 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985) (citing *Ex parte Young,* 209 U.S. at 159-160).

Termination of employment for an alleged failure to perform in the past is not the sort of prospective injunctive relief permitted pursuant to *Ex Parte Young*. "A section 1983 claim for damages . . . cannot overcome the Eleventh Amendment's barrier even with the help of *Ex parte Young*. *Green v. Mansour,* 474 U.S. 64 (1985). Declaratory relief is within *Young'*s purview, but only when violations of federal law are threatened or ongoing." *Walker v. Livingston*, 381 Fed. Appx. 477, 478-79 (5th Cir. 2010). Plaintiff has not alleged any ongoing issue with Defendant Holman, nor does anything in the record reflect an alleged ongoing constitutional violation. Rather, Plaintiff seeks Defendant Holman's termination as punishment for an alleged past wrong.

Accordingly, both Defendants are entitled to summary judgment as to Plaintiff's claims against them in their official capacities.

**B.    Vicarious Liability**

Plaintiff claims that Defendant Epps should be held liable because he hired "crooked" officers. There is no *respondeat superior* liability under Section 1983. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiff must demonstrate that Defendant Epps's own actions resulted in a violation of Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Plaintiff has failed to do so. Plaintiff even states that "Mr. Epps, being the supervisor for M.D.O.C. officers and Commissioner, that [sic] he should in fact be held liable for any and all action taken by

M.D.O.C. officers." [7] at 3. This is precisely the type of vicarious liability which may not be asserted pursuant to Section 1983. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.").[6] Accordingly, Plaintiff's claims against Defendant Epps in his individual capacity are dismissed.

**C. Qualified Immunity**

As to the claims against Defendant Holman in her individual capacity, Defendant contends that she is entitled to qualified immunity. "'[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

When determining whether Defendant Holman is entitled to qualified immunity, the Court must determine whether a constitutional right has been violated and if so, whether that right was clearly established. *See, e.g., McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002). Because Defendant Holman has raised the qualified immunity defense, the burden is on Plaintiff to

---

[6]Though Plaintiff also made an allegation that Defendant Epps should be held liable for failure to train or supervise his officers [7], Plaintiff has submitted no evidence or specific allegations to support such a claim against Defendant Epps.

rebut the defense of qualified immunity by showing that Defendant's allegedly wrongful conduct violated clearly established law. *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992). When qualified immunity has been raised as a defense "plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988); *see Nieto v. San Perlita Independent Sch. Dist.*, 894 F.2d 174, 177-78 (5th Cir. 1990).

The Eighth Amendment requires that prison officials protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). The deliberate indifference standard is met when Defendant is aware of the "facts from which the inference could be drawn that a substantial risk of serious harm exists," and Defendant "must also draw the inference." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

At the time of the attack, Plaintiff was in protective custody. [1]. On September 2, 2010,[7] Plaintiff was working, delivering food trays, when he was attacked. Plaintiff alleges that Defendant Holman had been paid off by inmates and opened the door at the request of another officer, allowing the violent offenders to attack him. [1] at 4.

---

[7]Though Plaintiff's Complaint states that the attack was September 25, 2010, the grievance Plaintiff submitted regarding the incident states that the incident took place on September 2, 2010. [30-1] at 4. Additionally, Plaintiff's medical records indicate that he was treated for multiple puncture wounds on September 2, 2010. [30-1] at 11.

Defendants argue that Plaintiff has not produced any evidence of a payoff. [31] at 10. This is not the type evidence Plaintiff could likely acquire without discovery. Defendants also argue that Plaintiff's grievance file indicates "guards acted . . . to stop the incident and have the Plaintiff treated for his injuries." [31] at 10. Defendants' Motion, however, does not include reports from either Defendant Holman or Officer Brown, the two officers with Plaintiff at the time of the attack. The only officer report in the record regarding the incident was written by an Officer Bogan, who reported that she was in the tower and observed Plaintiff being attacked. [30-1] at 16.

In this case, Plaintiff's allegations taken as a whole--that he was in protective custody, that known violent offenders were out of their cells and congregated in a hall, that those inmates were demanding that Defendant Holman open the doors since they had paid her, and that Defendant Holman opened the doors, thereby facilitating the attack–are sufficient to survive Defendant Holman's motion.

The Court will hold a bench trial as to Plaintiff's individual capacity claims against Defendant Holman on a date to be set by separate Order.

### IV. Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment [30], is granted in part and denied in part.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

Defendants' Motion for Summary Judgment [30] is hereby **GRANTED** as to Plaintiff's claims against Defendant Epps and Defendant Holman in their official capacities;

Defendants' Motion [30] is hereby **GRANTED** as to Plaintiff's claims against Defendant Epps in his individual capacity; and

7

Defendants' Motion [30] is hereby **DENIED** as to Plaintiff's claims against Defendant Holman in her individual capacity.

SO ORDERED, this the 10th day of September, 2014.

    /s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE